GULOTTA, Judge.
The State through the Department of Public Safety, appealing from the judgment enjoining the Department from revoking or suspending petitioners’ driving privileges, vehicle registration and license,[1] contends the trial judge erred in concluding that evidence was not “conclusive enough” that petitioners are “legally liable” for damages arising from an automobile accident. The trial judge relied on the last paragraph of LSA-R.S. 32:873 which provides that the Commissioner “shall never suspend any registration of any owner of a motor vehicle involved in an accident where under the laws of this state such owner is not legally liable for damages arising from such accident”.
At the hearing on the preliminary injunction, Mrs. Magali Johnson testified that on a foggy, damp day, while driving a car owned by her husband Kenneth Johnson, she unavoidably rearended an automobile which came into the roadway in front of her and also struck the left side of an automobile coming in the opposite direction on a two-lane highway. A police report entered into evidence supports the testimony of a rearend collision. Litigation growing out of the accident was pending at the time of the hearing of the preliminary injunction.
In Cross v. Waguespack, 308 So.2d 321 (La.App. 4th Cir. 1975), we stated that the test to be applied in the hearing to determine the propriety of the Department’s suspension order (where the driver is nonin-sured and no security is posted) is whether a “reasonable possibility” of liability exists on the part of that driver for damages resulting from the accident. In the Cross case, the petitioner (noninsured) failed to stop at a stop sign. We concluded in Cross that the Department properly required the uninsured motorist to post security or surrender the license.
When we apply the “reasonable possibility of liability” test to the evidence in our case, we conclude the Department properly required the posting of security or suspension. See LSA-R.S. 32:872.
The trial judge erroneously interpreted the last paragraph of LSA-R.S. 32:873 to mean that the Department shall never suspend driving privileges unless evidence is “conclusive enough” to show that the uninsured owner is “legally liable” for damages arising from the accident. The test as established by Cross v. Waguespack, supra, is not “conclusive enough” but “reasonable possibility” that the uninsured is legally liable for damages.
Accordingly, the judgment of the trial court restraining and enjoining the Department of Public Safety from revoking or suspending the driving privileges, vehicle registration and vehicle licenses belonging to Kenneth and Magali Johnson until a determination of their liability for damages *1253 is made in the pending litigation is reversed and set aside. The order of the Department of Public Safety requiring the “suspension” of “driving and registering privileges” pending posting of security is reinstated. Costs to be paid by plaintiffs.
REVERSED AND RENDERED.

. The suspension was in accordance with the Motor Vehicle Safety Responsibility Law (LSA-R.S. 32:851 et seq.) which provides that under certain conditions the driving privileges of an uninsured motorist who is involved in an accident and fails to post security may be suspended. Kenneth Johnson and his wife Magali filed the petition for injunction. A copy of the decision of the Dept, of Public Safety in the record indicates the “driving and registering privileges” of Johnson have been revoked. No mention is made of Mrs. Johnson. The court’s judgment refers to the privileges of both petitioners. The wife was driving a vehicle owned by her husband at the time of the accident.